Benjamin L. Selig and Lorene Selig v. Commissioner.
Selig v. Commissioner
Docket No. 7018-65.
United States Tax Court
T.C. Memo 1968-106; 1968 Tax Ct. Memo LEXIS 192; 27 T.C.M. (CCH) 522; T.C.M. (RIA) 68106; June 5, 1968. Filed Benjamin L. Selig, pro se, 368 S. Meridian St., Indianapolis, Ind., George P. Adinamis, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined that the petitioners are liable for the following income tax deficiencies and additions to tax: Taxable Year
Deficiency
Addition to Tax Sec.6653(a), I.R.C. 1954
1961
$4,252.95
$225.20
1962
2,946.58
147.33
1963
198.99
9.95
There are two issues for decision: (1) Whether petitioners had unreported taxable income, as determined by the net worth method, for the years in question; and (2) whether petitioners are liable for the additions to tax under section 6653(a), Internal Revenue Code *193 of 1954. Findings of Fact Benjamin L. Selig and Lorene Selig (herein called petitioners) are husband and wife whose legal residence was in Indianapolis, Indiana, at the time they filed their petition in this proceeding. Petitioners filed joint Federal income tax returns for the years 1961, 1962, and 1963 with the district director of internal revenue at Indianapolis, Indiana. During the years in issue Benjamin L. Selig (herein called petitioner) was the owner and operator of Esse Radio Company, located at 368 South Meridian Street in Indianapolis. Schedule C (Profit or Loss From Business or Profession) attached to each income tax return of petitioners shows gross receipts and net profit or loss, as follows: 1961
1962
1963
Gross
Receipts
$99,089.87
$199,272.62
$136,698.03
Net Profit
(Loss)
5,468.89
(11,654.40)
(9,602.12)
Petitioners reported the following taxable income and tax liability on their Federal income tax returns: 1961
1962
1963
Taxable
Income
$5,753.55
Tax
Liability
1,185.78
During the years in issue petitioners engaged in several transactions involving the sales of real estate on contracts. *194 They received income from such sales. Petitioners did not keep adequate books and records of their taxable income and expenditures. Consequently, respondent reconstructed their taxable income on the basis of increases and decreases in net worth during the years 1961 through 1963 with adjustments for personal and other nondeductible amounts paid. This determination of taxable income is as follows: 523
ASSETS:
12-31-60
12-31-61
12-31-62
12-31-63
Cash (Esse Radio Bank Account)
$ (9,381.79)
$ (8,446.29)
$ (2,582.65)
$ 3,360.54
Cash (Personal Bank Account)
97.17
500.89
410.10
1,406.78
Cash on Hand
3,680.00
3,100.00
2,400.00
2,600.00
Petty Cash & Register Change
310.00
310.00
310.00
310.00
Accounts Receivable
(265.84)
(10,028.23)
2,186.07
4,474.82
C.O.D. Receivables
(603.65)
(1,053.45)
389.55
893.85
Layaways Receivable
70.00
70.00
0
0
Inventory
35,783.29
37,013.18
41,213.00
36,361.70
Deposits on Personal Contracts
703.86
2,020.94
191.11
1,144.32
Employees Accounts Receivables
7.40
(16.60)
35.00
55.00
Furniture & Fixtures
5,881.54
6,185.61
6,185.61
6,185.61
Res. for Dep. of F & F
(3,565.29)
(4,094.28)
(4,712.84)
(5,331.40)
Auto Equipment
15,576.72
19,238.12
23,460.92
27,560.92
Res. for Dep. of Auto Equip.
(4,093.70)
(4,008.77)
(6,098.47)
(12,260.94)
Airplane
28,985.00
28,985.00
29,885.00
29,885.00
Res. for Dep. of Airplane
(8,225.00)
(12,925.00)
(4,150.69)
(9,131.52)
Prepaid Insurance
582.82
0
0
0
Farm Buildings (Madison)
5,100.00
5,100.00
5,100.00
5,100.00
Farm Improvement (Madison)
1,131.00
1,131.00
1,131.00
1,131.00
Res. for Dep. Farm Buildings & Im- provements
(1,314.48)
(1,563.72)
(1,812.96)
(2,062.20)
Land (Madison)
6,900.00
5,700.00
5,700.00
5,700.00
Tools & Dies
0
825.00
825.00
825.00
Cement Floor
0
1,000.00
1,000.00
1,000.00
Res. for Dep. of T. & D. and Cement Floor
0
(147.96)
(472.96)
(797.96)
Utility Deposits
121.74
121.74
121.74
121.74
42 W. South Street
5,000.00
5,000.00
5,000.00
5,000.00
4701 E. Kessler
19,000.00
19,000.00
19,000.00
19,000.00
Contract Rec. 3002 Arbor Ave.
2,715.62
2,481.69
0
0
Contract Rec. R.R. 1, Camby
8,264.76
7,840.74
7,424.29
7,424.29
Contract Rec. 1206 S. Chester
8,450.00
8,104.05
7,964.76
7,730.95
Contract Rec. 6226 Coburn
12,286.28
12,139.27
11,981.78
11,833.08
Contract Rec. R.R. 5, Columbus
1,966.16
1,495.70
0
0
Contract Rec. 1126 S. Drexel (cost)
4,165.00
4,500.00
4,458.59
4,193.13
Contract Rec. 6515 E. 42nd
4,780.90
4,388.82
3,967.52
0
Contract Rec. 221 W. Hampton
0
12,500.00
11,775.00
11,639.86
Contract Rec. 8006 E. 47th (cost)
4,928.87
4,396.36
4,159.97
3,915.74
Contract Rec. 713 N. Harbison
12,611.30
12,227.49
10,222.97
10,093.42
Contract Rec. 4840 Kenyon Dr.
0
12,691.62
12,375.09
12,107.00
Contract Rec. 324 S. Lasalle
1,628.39
1,133.87
604.13
36.65
Contract Rec. 225 S. McKim
4,694.42
4,188.03
3,566.17
2,923.74
Contract Rec. 4719 Munster Lane (cost)
13,360.00
13,740.96
13,611.96
13,611.96
Contract Rec. 6405 N. Oxford
12,979.15
12,782.59
12,574.09
11,331.00
(cost)
Contract Rec. 1330 W. Pruitt (cost)
2,330.56
3,139.00/
2,330.56
0
Contract Rec. 2034 S. Sherman (cost)
2,615.48
3,645.65
3,416.91
3,172.27
Contract Rec. 420 N. Vine
0
2,381.92
2,289.92
3,943.63
Contract Rec. 5432 E. 16th St.
0
11,500.00
11,278.93
11,262.56
Contract Rec. 6524 Sunset Cir.
0
13,330.29
0
0
(cost)
(cost)
Contract Rec. 3311 N. Wallace (cost)
8,444.75
8,444.75/
13,620.00
13,108.60
Contract Rec. 326 S. Webster
11,509.72
11,140.60
10,841.60
10,533.13
Contract Rec. 634 N. Pine
0
0
5,977.50
3,700.00
(cost)
Union Federal S. & L.
11,547.02
11,340.98
9,600.87
5,997.60
Contract Rec. 1302 S. Belmont
0
0
7,319.02
6,969.56
Gross Income Tax Refund Rec.
312.47
312.47
0
0
Unrealized Profit on Contract Sales
(24,313.52)
(31,041.05)
(36,278.87)
(33,946.08)
Refund Rec. I.R.S. 3,554.07
0
600.00
0
Total Assets $210,312.19
$241,822.98
$260,396.29
$244,114.35
*195 LIABILITIES:
12-31-60
12-31-61
12-31-62
12-31-63
Accounts Payable (Not trade)
$ 24,706.22
$ 24,706.22
$ 24,706.22
$ 24,706.22
Notes Payable - Auto
1,185.18
0
0
0
Loans Payable Individuals
9,000.00
5,000.00
0
14,000.00
Account Payable Arpad Szuecs
6,025.00
6,025.00
6,025.00
3,825.00
LIABILITIES:
12-31-60
12-31-61
12-31-62
12-31-63
Customer Refunds Payable
(36.22)
(73.48)
0
0
Outdated O/S Checks
1,365.98
1,365.98
0
0
Accrued Fed. W.T.
323.57
222.35
293.22
231.54
Fed. Unemployment Tax
0
0
111.11
88.32
F.I.C.A. Tax Payable
280.80
(25.67)
0
45.89
State Unemployment Tax
0
0
3.13
38.89
Accrued W.T.
142.96
126.01
158.64
0
Accrued State Gross Inc. Tax
0
0
119.03
42.38
Accrued Sal. & Wages
5.00
5.00
0
0
Mortgages Pay. Individual
15,704.61
15,704.61
15,704.61
15,704.61
Mort. Payable 4701 E. Kessler
7,546.56
3,967.85
460.33
0
Mort. Payable 42 W. South St.
0
0
38,031.89
35,970.79
Mort. Payable R.R. 1, Camby
5,614.26
5,048.35
4,527.60
3,383.40
Cont. Payable 1206 S. Chester
2,967.39
2,534.46
2,074.53
1,587.00
Mort. Payable 6226 Coburn
10,663.46
10,296.14
10,057.64
6,409.66
Mort. Payable 1126 S. Drexel
2,836.81
2,574.70
2,124.56
1,779.46
Mort. Payable 6515 E. 42nd
2,852.80
2,384.05
1,954.26
0
Mort. Payable 8006 E. 47th
673.57
0
0
0
Mort. Payable 221 W. Hampton
0
8,331.34
7,831.84
7,122.57
Mort. Payable 713 N. Harbison
2,194.17
1,713.62
7,111.46
6,660.42
Mort. Payable 4840 Kenyon Dr.
0
10,584.37
9,555.22
8,526.07
Mort. Payable 1302 S. Belmont
0
0
3,614.71
3,243.85
Mort. Payable 225 S. McKim
1,539.15
1,265.15
1,004.15
0
Mort. Payable 4719 Munster Lane
11,227.66
10,960.05
10,679.09
10,407.33
Mort. Payable 6405 N. Oxford
2,112.34
1,232.04
379.20
0
Mort. Payable 1330 W. Pruitt
1,335.69
1,106.64
866.61
0
Mort. Payable 5432 E. 16th
0
9,869.00
9,554.21
9,224.08
Mort. Payable 3311 N. Wallace
7,379.72
7,072.48
6,748.71
6,407.52
Mort. Payable 326 S. Webster
6,540.74
6,200.62
5,846.65
5,478.26
Mort. Payable 6524 Sunset Cir.
0
11,488.11
0
0
Mort. Payable 634 N. Pine
0
0
1,202.54
659.92
Mort. Payable Madison First Federal (Farm)
6,971.52
0
0
0
Install. Loan Payable Am. Fletcher
0
561.60
280.80
0
Install. Loan Payable Am. Fletcher
0
0
432.00
0
Install. Loan Payable Ind. National
0
0
0
604.52
Mort. Payable Plainfield S. & L. (N. Vine) 0
549.56
361.32
161.55
Total Liabilities $131,158.94
$150,796.15
$171,820.28
$166,309.25
NET WORTH: $ 79,153.25
$ 91,026.83
$ 88,576.01
$ 77,805.10
Increase (Decrease)
$ 11,873.58
$ (2,450.82)
[10,770.91)
Living Expense Paid by Esse Radio
1,700.11
1,867.49
334.03
Life Insurance by Personal Bank Acct.
2,677.79
3,429.04
2,550.74
Income Tax Paid by Esse Radio
1,156.44
600.00
251.00
Income Tax Paid by Personal Bank Acct.
0
1,401.78
0
Life Insurance Payments by Esse Radio
1,292.45
0
0
Personal Travel
0
2,740.77
3,045.16
Personal Living Paid by Cash
2,500.00
2,500.00
2,500.00
Living Expense by Personal Bank Acct. 3,978.18
5,700.08
5,536.76
Adjusted Gross Income
$ 25,178.55
$ 15,788.34
$ 3,446.78
Itemized Deductions:
Interest
724.64
730.75
0
Taxes
975.68
654.31
715.80
Medical Expense
0
0
444.61
Personal Exemptions 2,400.00
2,400.00
1,800.00
Taxable Income
$ 21,078.23
$ 12,003.28
$ 486.37
Taxable Income per Return or as Adjusted 6,894.47
(7,968.16)
(11,509.74)
Taxable Income Understated $ 14,183.76
$ 19,971.44
$ 11,996.11
*196 524 The properties located at 3311 North Wallace and 4719 Munster Lane were acquired by petitioners during the taxable year 1961. Petitioners had unreported taxable income in the amounts of $14,183.76 in 1961, $17,221.44 in 1962, and $11,996.11 in 1963. 525 Opinion In his notice of deficiency dated September 28, 1965, respondent determined deficiencies in the income taxes of petitioners for the years 1961, 1962, and 1963 by the net worth method. The use of this method is fully justified in determining the taxable net income of a taxpayer when adequate books and records are not maintained or when they are incomplete, inaccurate, or false. See section 446(b), Internal Revenue Code of 1954; Holland v. United States, 348 U.S. 121 (1954); Cefalu v. Commissioner, 276 F. 2d 122 (C.A. 5, 1960), affirming a Memorandum Opinion of this Court; and Morris Lipsitz, 21 T.C. 917, 931 (1954), affd. 220 F. 2d 871 (C.A. 4, 1955), certiorari denied, 350 U.S. 845. That is the situation here. Since the petitioners had inadequate books and records, respondent used the net worth method to determine taxable *197 net income. At the trial, respondent conceded that petitioners' unreported taxable income for the year 1962 was $17,221.44 instead of $19,971.44 as originally determined. Respondent's determination carries a presumption of correctness unless clearly shown to be erroneous. The burden of proof is upon the petitioners to overcome the presumptive correctness of such deficiencies. Anderson v. Commissioner, 250 F. 2d 242 (C.A. 5, 1957); and Lawrence Sunbrock, 48 T.C. 55 (1967). Petitioner stated that he agreed with the net worth statement except for the amounts receivable on two real estate contracts and an additional $6,000 loan allegedly obtained from Arpad Szuecs. It is clear from the testimony of petitioner and his brother, Stanley, and from the deeds received in evidence, that the properties located at 3311 North Wallace and 4719 Munster Lane were not obtained until the year 1961. However, this does not help the petitioners because it increases rather than decreases their net worth. There is no credible evidence to support the claimed additional $6,000 loan payable to Arpad Szuecs. Accordingly, we hold on this record that the petitioners had unreported *198 taxable income in the amounts shown in our findings of fact. Petitioners have presented no evidence with respect to the additions to tax under section 6653(a). Therefore, we decide this issue for respondent. The correct amounts of the additions to tax can be determined in the Rule 50 computation. To reflect the concession made by respondent, Decision will be entered under Rule 50.